**FILED**
**Jul 01, 2019**
**02:55 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| ANTHONY HAYES, | ) | Docket No. 2018-08-1204 |
| Employee, | ) | |
| v. | ) | |
| ELMINGTON PROPERTY MGMT., | ) | State File No. 56539-2018 |
| Employer, | ) | |
| And | ) | |
| ACCIDENT FUND GENERAL INS. | ) | Judge Deana C. Seymour |
| CO., | ) | |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

The Court convened an Expedited Hearing on June 21, 2019, to determine whether Elmington Property Management should be required to provide Mr. Hayes additional temporary disability and medical benefits for injuries incurred in a workplace fall. Elmington argued it owes no further temporary disability benefits but agreed he could return to his authorized treating physician for treatment of injuries related to the fall. The Court holds Mr. Hayes would not likely prevail at a hearing on the merits regarding his claim for temporary disability benefits but may return to his treating physician for reasonable and necessary treatment.

## History of Claim

Mr. Hayes worked as a maintenance technician for Elmington. On July 27, 2018, he injured multiple body parts at work when he fell from a raised dumpster platform down to the concrete below. He reported his fall and received authorized treatment at an emergency clinic. The clinic diagnosed Mr. Hayes with abrasions to his right hand, contusions to his left knee and elbow, and a bruise and abrasion on the left side of his head. The clinic placed him on light duty restrictions and referred him for orthopedic treatment.

1

After receiving this referral, Mr. Hayes selected Dr. David Deneka from a panel. Dr. Deneka conservatively treated Mr. Hayes's left knee and placed him on restricted duty from August 13 to September 17 before placing him at maximum medical improvement. He assigned Mr. Hayes no permanent impairment for his left-knee injury but indicated Mr. Hayes should return as needed if he had further problems.

In this action, Mr. Hayes contended Elmington failed to provide adequate medical treatment for all of his injuries. He specifically mentioned neck and back issues that were not addressed and complained of numbness in his right hand and problems walking. Mr. Hayes testified he advised his physicians of these issues.

Mr. Hayes further argued that Elmington required him to work outside his restrictions when he returned to light-duty work, which caused him further injury.

Elmington stipulated that Mr. Hayes sustained a work-related fall on July 27 and indicated he could return to Dr. Deneka for further treatment of his work-related injuries. It contended, however, that it provided Mr. Hayes with all benefits to which he was entitled. Elmington also claimed, as evidenced by the medical records, that Mr. Hayes never mentioned neck or back issues before filing his Petition for Benefit Determination.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Hayes must provide sufficient evidence to show he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

While the Court recognizes the medical records are silent concerning neck and back complaints, the Court found Mr. Hayes's testimony credible. He specifically testified he advised his physicians of his neck and back issues. Furthermore, Dr. Deneka's records revealed that Mr. Hayes landed on his left side when he fell. The emergency clinic records support this finding by documenting contusions to Mr. Hayes's left knee and left elbow as well as a bruise and abrasion on the left side of his head. These records also indicate Mr. Hayes fell onto concrete. Based on this proof, the Court holds Mr. Hayes is likely to prevail at a hearing on the merits concerning authorized medical treatment for injuries related to the fall.

Turning to Mr. Hayes's request for temporary disability benefits, the Court finds Mr. Hayes is not likely to prevail at a hearing on the merits. Mr. Hayes returned to light duty work following his accident, so his recovery, if any, lies in temporary partial disability benefits. Temporary partial disability benefits are payable while the injured worker can resume some gainful employment but has not reached maximum recovery. *Barrett v. Lithko Contracting, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *8 (June 27, 2016). To prove entitlement to these benefits, Mr. Hayes

must show his treating physician released him to return to work with restrictions before maximum medical improvement and Elmington either (1) could not return him to work within his restrictions or (2) could not provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than his average weekly wage on the date of his injury. *See Jones v. Crenor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at \*7-8 (Dec. 11, 2015). Mr. Hayes presented no proof of income loss while he worked in a light-duty capacity. As such, the Court holds Mr. Hayes is not likely to prevail at a hearing on the merits for temporary disability benefits.

IT IS, THEREFORE, ORDERED as follows:

1.      Elmington shall set an appointment for Mr. Hayes with his authorized treating physician, Dr. David Deneka, for treatment of his work-related injuries under Tennessee Code Annotated section 50-6-204.

2.      Mr. Hayes's request for temporary disability benefits is denied.

3.      This matter is set for a telephonic Status Hearing on **August 26, 2019, at 9:00 a.m. Central Time.** You must call toll-free at 866-943-0014 to participate in the hearing.

ENTERED July 1, 2019.

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing with Mr. Hayes's affidavit
4. Show Cause Order
5. Motion of Employer to Dismiss Employee's Claim for Workers' Compensation Benefits and Memorandum of Law in Support of Same
6. Employee's Response to Motion of Employer to Dismiss Employee's Claim for Workers' Compensation Benefits and Memorandum of Law in Support of Same with attachments
7. Order on Show Cause Hearing, Employer's Motion to Dismiss, and Order Setting Expedited Hearing
8. Employer's November 2, 2018 letter to Bureau mediator

Exhibits:

1. Employer's First Report of Work Injury or Illness
2. Wage Statement
3. Employee's Choice of Physician
4. Employment Offer Letter
5. Two photographs of location where injury occurred
6. Twelve photographs representing the areas Mr. Hayes was asked to clean (Collective)
7. Four photographs of Mr. Hayes's injuries (Collective)
8. Employee Statement of Incident
9. Employee's Answers to Employer's First Set of Interrogatories and Request for Production of Documents
10. Medical records from OrthoMemphis (Collective)
11. Medical records from Methodist Healthcare Minor Medical Centers (Collective)

## CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent to these recipients as indicated on July _1st_, 2019.

| Name | Certified Mail | Via U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Anthony Hayes, Employee | X | X | | General Post<br>555 South 3rd Street<br>Memphis, TN 38101-9998 |
| Stephen P. Miller, Employer's Attorney | | | X | smiller@mckuhn.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

_____ Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed                 To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                RDA 11082